## THE STATE v. WILLIAM APEL.

Where the Statute provided how estrays " when on the plantation or land of any citizen of this State" should be taken up by " such citizen" and disposed of, and further " that any person who shall take up and use any " such estray " contrary to the intent and meaning of this Act, shall be guilty of a misdemeanor," &c.; it was held that the penalty was not confined to cases where such estrays were taken up by a citizen on his plantation or land, but extended to all cases where any such estrays were taken up and used, contrary to the intent and meaning of the Act.

In an indictment for taking up and using an estray, contrary to the meaning and intent of the estray law, the name of the owner of the estray should be stated, if known.

But though it be admitted that the term " estray," in its most usual or ordinary signification, is descriptive of an animal whose owner is unknown, yet, it is apprehended, that the term was intended to have a wider range, under our Statute.

Appeal from Smith.

*Attorney General*, for appellant.

*Bowden & Chilton*, for appellee.

HEMPHILL, CH. J. This indictment is for an offence under the 7th Section of the Act regulating estrays. (Hart. Dig. Art. 1254.) The charge, in substance is, that the defendant, without the consent and against the will of the owner, did take up and use a stray mare, the property of, &c., of the value of, &c., the said stray not being upon the plantation of the defendant, and he not having advertised nor estrayed the same, and having continued to use her for the space of two months. On motion, the indictment was quashed, and the State appealed.

The Statute authorizes any citizen, when a stray horse, mare, &c., is found on his plantation or land, to take up and advertise the same; and if the owner do not apply within twenty

days, to have the animal estrayed, before a Justice of the Peace; and it declares that any person, who shall take up and use a stray horse, mare, &c., contrary to the intent and meaning of the Statute, shall be guilty of a misdemeanor, and on conviction shall be fined, &c., and shall also be liable to the owner for the value of such estray.

The appellee contends that the facts stated in the indictment do not constitute an offence punishable under the Statute; that the charge is repugnant in itself; that the animal is alluded to as an estray, but facts are stated which show that he is not an estray; that the averment that the animal was not found on the plantation of the defendant, and was taken up and used against the owner's consent, states a case under which the defendant may be subject to a civil action, or prosecution for larceny, but forms no basis for an indictment under the Statute.

The objection, in one of its aspects, is to the effect, that the defendant is charged with not having advertised and estrayed the mare, whereas, by law, he was not permitted or authorized to do these acts, the animal not being found on his plantation, and this is so charged in the indictment.

But certainly an animal may be an estray, though it be not on the plantation or land of the individual who takes it up. If it be an offence, not to advertise and estray, when the animal is found on his land, the offence is not less, that the animal was not found on his land. His offence, then, in every particular, is contrary to the intent and meaning of the Statute. There is not a pretext or palliation, that in some degree his acts were lawful; for in every respect were they in violation of law.

It can be no objection to an indictment, that it affirms everything which should be affirmed, and negatives every act and fact which should be negatived to constitute the offence. Some of these may, perhaps, subject a party to indictment under the Statute; but if they all concur, the offence is complete, beyond question.

The objection in another aspect is, that an estray is a tech-

nical term, and means a wandering animal whose owner is unknown, and the indictment having charged that the mare was taken up without the consent of the owner, the same being the property of one Augustine Neblack, is repugnant in itself, and shows that the animal was no estray, the owner being known. Were it admitted that, in contemplation of the Statute, an estray is an animal whose owner is unknown, yet the indictment is not, as to this particular, repugnant, for it does not charge that the owner was known to the defendant, at the commission of the offence, or at any time. It charges that a certain individual was owner, and that the animal was taken up against his will and consent, and thus rebuts the inference that the animal was taken up or used with the consent of the owner; for if she had been thus taken, there would have been no offence. An estray is the property of the owner, though he be unknown, and may be the subject of larceny or of misdemeanor under the Statute ; and if known, at the indictment, his name should be stated, and the charge that the animal was taken *invito domino*, or against his will and consent, is but the affirmance of a fact necessary to constitute the offence ; or, at least, if the reverse were true, there would be no crime.

It is true, that the general definition of the term estray, under the English law, is that of an animal whose owner is unknown. Such is the definition given by Blackstone. (Vol. 1, 297–98 ; Steph. Comm. 561–62 ; Tomlin's Dic. ESTRAY ; 1 Bourvier's Law Dic. 483 ; 2 Kent's Comm. 359.) Yet the qualification, of the owner being unknown, is not attached by all the authors who attempt the definition. Burrill, in his Dictionary, describes an estray as anything out of its place, especially an animal that has escaped from its owners, and wanders or strays about,—a wandering animal ; and he gives the definition by Spelman as follows, viz : a wandering beast, which no one seeks, follows or claims. Crabb, in his Law of Real Property, defines an estray, or *animal vagans*, to be any beast, not wild, which is found wandering within some lordship or manor.

But though it be admitted that the term "estray," in its most usual or ordinary signification, is descriptive of an animal whose owner is unknown, yet, it is apprehended, that the term was intended to have a wider range under our Statute; and though this was intended more especially to regulate wandering animals, not claimed by any owner who was known, yet it is not, we believe, confined to these exclusively. An estray, under the Statute, certainly does not mean an animal using its accustomed range, or which belongs to the neighborhood, the owner being known, or who might be known on reasonable enquiry. The law would not protect any vexatious practices which might, under color of the Statute, be attempted by seizing on animals of this description. The offence might not be punishable under this Statute, but it would subject the offender to a prosecution for larceny, or to an action for the trespass, as the case might be ; and it would be no defence, that the animal had been taken up as an estray, when clearly it was not, under the Statute, an estray.

Our Statute has not drawn the distinction, as is believed to have been done in some others, between estrays whose owners are known, and those whose owners are unknown. This was the case in an Estray Law of Pennsylvania, and the proceedings in relation to one class of animals were quite distinct from those in relation to the other class. In common acceptation, it is believed that the term estray, in our Statute, has not been restricted to an animal *ignoto domino*, and we think that the law might very properly apply to cases where the owner, although known, might be remote, or where he would not follow and reclaim his animals, that had wandered off, with reasonable diligence. A citizen who would take up such wandering animals, when found on his plantation or adjacent lands, would, as we conceive, be exercising a right conferred by Statute, and be not trespassing upon the property of others. The Section of the Statute, under which the indictment is laid, recognizes the right of the owner to recover from the offender who has taken up and used his animal, contrary to the intent and mean-

ing of the Statute, the value of the animal. In contemplation of the Statute, the owner must be known, at least when he sues for the property, though he may or may not be known when the offence was committed. So he may be known at the indictment, though unknown when the stray was taken into his possession, and if known it should be so charged.

Upon the whole, we are of opinion that the indictment charges an offence which contravenes the Statute, and consequently there was error in sustaining the motion to quash; and it is ordered that the judgment be reversed and the cause remanded.

Reversed and remanded.