## THE STATE v. EDWARD FLETCHER.

An indictment for taking up and using an estray charged the defendant with "taking up and using an estray whose owner was known to the grand jury." The defendant excepted to the indictment, on the ground that an animal whose owner was known could not be an estray. The court below sustained the exception and quashed the indictment. This is held to be error; the fact that the owner of the animal has been discovered, and was known when the indictment was found, is no proof that the animal was not an estray when taken up.

APPEAL from Houston. Tried below before the Hon. Leroy W. Cooper.

There is no necessity for a statement of the facts.

*Wm. Alexander, Attorney General,* for the State.

No brief for the appellee has reached the hands of the Reporter.

OGDEN, J.—The defendant was indicted for taking up and using an estray bay mare pony, the corporal personal property of E. Herron. An exception to the indictment was filed, on the ground that the indictment charged defendant with taking up and using an estray whose owner was known to the grand jury, and that an animal could not be an estray whose owner was known. The court sustained the exception and quashed the indictment. The ruling of the court was clearly erroneous, and the judgment must be reversed. Because the owner of the animal had been discovered, and was known when the indictment was found, is no proof that the animal was not an estray when taken up. And in the case of The State v. Apel, 14 Texas, 431, this court decided that an animal might be an estray, and

at the same time the owner be known, provided the animal was a great distance out of its accustomed range. The judgment is reversed and the case remanded.

REVERSED AND REMANDED.