### FELETOS OWENS V. THE STATE OF TEXAS.

1. An indictment nnder Article 2441, Paschal's Digest, charging defendant with taking up and using a certain sorrel *gelding*," etc., etc., "then and there an animal coming within the meaning of an estray," *held* good.
2. Prosecutions for unlawfully using an estray must be commenced within one year after the commission of the offense.

Argument for the State.

APPEAL from McLennan.   Tried below before the Hon. J. H. Banton.

The appellant was indicted for taking up and using a "gelding," an estray within the meaning of the statute regulating estrays.   Appellant excepted to the indictment, alleging that a *gelding* was not an estray within the meaning of the statute, which was overruled by the court.   To this the appellant excepted, and assigned for error the action of the court on his exception.

The charge of the court that a prosecution for the offense charged was not barred until two years after its commission, was also assigned for error.

*Miller & Dowell*, and *John L. Dyer*, for appellant, cited Jordt v. The State, 31 Texas, 571 ; Swindel v. The State, 32 Texas, 102 ; Hooker v. The State, 4 Ohio, 348 ; Banks v. The State, 28 Texas, 647.

"It is insisted that the Constitution of the State of Texas, Art. 5, Sec. 17, gives justices of the peace jurisdiction of all misdemeanors, under such regulations as are prescribed by the Legislature (see p. 104, § 17, Justice Act, Laws Twelfth Leg.), and that the limitation in all misdemeanors under said constitutional and statutory provision and regulations, is brought down to one year, as provided for by the exception in Article 2653, Paschal's Digest, and that it was error in the court to charge the statute of limitation of two years."

*Browne*, for the State, cited 1 Bl. Com., 297.   By Section 20 of Article 5 of the Constitution, "justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law."   By the act of thirteenth of August, 1870, the Legislature provided that "justices of the peace shall have and exercise jurisdiction to try all suits and actions in behalf of the State, or any county

thereof, or any individual, to recover penalties, fines and forfeitures, where such penalty, fine or forfeiture shall not exceed one hundred dollars." In this case the value of the animal is stated in the indictment as $75, and the penalty therefore might reach $150, which is beyond the jurisdiction of a justice; and, according to Paschal's Digest, Article 2653, the limitation is two years.

OGDEN, P. J.—The indictment in this case was framed under the act of 1858 (Paschal's Digest, 2441), and not, as erroneously supposed by counsel for appellant, under the civil statute of 1866, regulating the manner of estraying animals. The statute under which this indictment was framed reads in part as follows: "If any person shall, without complying with the law regulating estrays, take up and use, or otherwise dispose of any animal coming within the meaning of an estray, he shall be punished as prescribed," etc.

The Penal Code nowhere defines in precise terms what animals may come within the meaning of estrays. But in The State v. Abel, 14 Texas, 428, and in The State v. Crist, 32 Texas, 100, this court clearly recognizes a description of an estray which is known to the law, as some valuable domestic animal which had strayed from its owner. But our civil statute defines what animals may be estrayed, particularly specifying horse, mare, colt, mule, jack, jennet, or work ox. It would be unreasonable to suppose that the Legislature intended to exclude from among animals, which might be estrayed, that class of the horse kind called a gelding; since they may, as a general rule, be considered the most valuable animals of their kind, and at least as liable to estray from their owners. The word horse, as used in the statutes of 1850, 1851 and 1866, defining the manner of estraying stock, was evidently intended to be used in a *quasi*-generic sense, to

include every description of the male in contradistinction to the female or mare, whether stallion or gelding; and therefore if we have to recur to the statute of 1866, to determine what animals come within the meaning of estrays, we are clearly of the opinion that a gelding may become an estray, and that a person may be, as the appellant was, properly indicted, under Article 2441, Paschal's Digest, for taking up and using an estray gelding. The court did not, therefore, err in overruling the exceptions filed by appellant to the indictment presented against him.

But we think the court did err in charging the jury, that if they believe the defendant had committed the offense charged within two years, they should find him guilty. Article 2653, Paschal's Digest, provides, that in all misdemeanors where justices of the peace have concurrent jurisdiction with the District Court, the indictment may be presented within one year, and not thereafter; while Article 5, Section 17, of the Constitution provides, that all offenses of a less grade than a felony may be prosecuted before any justice of the peace. It follows that all misdemeanors may be prosecuted before a justice of the peace; and if prosecuted in the District Court, such prosecution must be had in one year, and not thereafter.

The court, therefore, erred in its instruction to the jury, and as there is no statement of facts this court cannot say that the error did not mislead the jury in their verdict. For this reason the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.